IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| KENNETH L. BIESBOER, | ) | Case No. 08 B 35834 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | Date and Time of Hearing: |
| | ) | January 9, 2012 at 10:00 am |

**DEBTOR'S ATTORNEYS' AMENDED FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien and Christina M. Riepel of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for Kenneth L. Biesboer, Debtor, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $159,883.59 for 544.10 hours of legal services rendered to the Chapter 11 Debtor In Possession, reimbursement of costs and expenses of $4,250.37; allowing Gregory K. Stern, P.C. an administrative priority claim in the amount of $164,133.96 pursuant to §503(b)(1)(A); and, authorizing and directing the Chapter 7 Trustee to pay the unpaid balance of the administrative priority claim of $8,982.36, as a priority cost of administration, and, in support thereof, state as follows:

1. On December 31, 2009, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, on or about December 13, 2011, the Debtor's Chapter 11 case was converted to a case under Chapter 7.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157; and, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3. In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to the Debtor, United States Trustee, Chapter 7 Trustee, all creditors and parties in interest.

4. On or about November 24, 2008, the Debtor and the Attorneys entered into an agreement whereby the Attorneys agreed to represent the Debtor in a Chapter 11 case in consideration for the Debtor's agreement to pay

Case 08-35834    Doc 668    Filed 12/21/12    Entered 12/21/12 17:05:47    Desc Main
          Document      Page 2 of 7

for professional services rendered in accordance with the Attorneys' hourly fee schedule in effect from time to time.

5. The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients.

6. On or about January 27, 2009, this Court entered an Order Authorizing Employment of Counsel authorizing the employment of the Attorneys, as attorneys for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses subject to further order of this Court.

7. On April 12, 2010, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 436) (that is incorporated by reference herein and made a part hereof); and, on June 15, 2010, this Court entered an Order Allowing First Interim Compensation and Reimbursement of Costs and Expenses (the "First Fee Order")(Docket No. 507) allowing Counsel compensation of $132,488.00 for 457.50 hours of professional services rendered from November 17, 2008, through April 8, 2010, and reimbursement of costs and expenses of $4,109.01, that has been paid in full.

8. On May 9, 2011, the Attorneys filed their Second Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "Second Application") (Docket No. 570) (that is incorporated by reference herein and made a part hereof); and, on June 2, 2011, this Court entered an Order Allowing Second Interim Compensation and Reimbursement of Costs and Expenses (the "First Fee Order") (Docket No. 580) allowing Counsel compensation of $18,554.20 for 58.20 hours of professional services rendered from April 9, 2010, through May 6, 2011, that has been paid in full.

9. The Attorneys expended 28.20 hours of professional services from May 7, 2011 through December 17, 2011, and expended costs and expenses of $141.36, as more fully set forth in the Time Sheets attached hereto and made a part hereof. That the professional services rendered from May 7, 2011 through December 17, 2011, had a reasonable value of $8,841.00.

10. That from November 17, 2008 through December 17, 2011, the Attorneys rendered 544.10 hours of professional services that have been separated into eight (8) service categories, which have been separated and identified solely for the purposes of summarizing with specificity the services rendered on behalf of the Debtor In Possession and for the benefit of his estate. These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS |
|---|---|
| A. Case Administration | 125.10 |
| B. Automatic Stay Motions | 45.80 |
| C. General Claim Matters | 21.20 |
| D. Plan and Disclosure Statement | 37.80 |
| E. Removal of Derivative Action | 34.50 |
| F. Sale of Assets | 245.10 |
| G. Turnover of Estate Property | 8.10 |
| H. Professionals | 26.50 |
| **TOTAL:** | **544.10** |

11. The professional services were rendered within the service categories as follows:

A. **General Case Administration**: This service category involved 125.10 hours of services that included: **1)** Meetings, teleconferences and correspondence with Kenneth L. Biesboer ("KB") regarding representation of debtor in possession, books, records and information required, debtor in possession operations, investigation and documentation of assets, divorce proceedings and derivative action, Operating Instructions and Reporting Requirements, operating reports, monthly preparation of same, DIP account, insurance, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, Chapter 11 Schedules and Statement of Financial Affairs, case disclosures, meeting of creditors; communications with parties in interest and DSO related matters, divorce proceedings, tax return preparations, case status, notices, case goals and strategy, communications with parties in interest and DSO related matters; **2)** Meetings, teleconferences and correspondence with the U.S. Trustee's office regarding case filing, operating reports, trustee's quarterly fees, case administration, investigation of assets, divorce proceedings and related matters; **3)** Meetings, teleconferences and correspondence with creditors and creditor attorneys regarding Chapter 11 case, investigation of assets, divorce related matters and Chapter 11 case status; **4)** Communications with Debtor's accountant regarding Brites Entities financials, preparation of fiduciary tax returns and Debtor's tax returns; **5)**

Reviewing Debtor's books, records, documents, tax returns, income, divorce proceedings, Brites Entities' corporate documents and other relevant documentation; **6)** Teleconferences and communications with Debtor's attorneys in divorce proceeding regarding DSO and divorce court adjudication of marital issues; **7)** Drafting Schedule//f Twenty Largest Unsecured Creditors, Chapter 11 Schedules and Statement of Financial Affairs, Form 26, Motion to Authorize and Pay Administrative Claim related to fiduciary tax claim; **8)** All matters relating to Terri Biesboer's Motion to Dismiss or Convert Case and Motion to Dismiss Chapter 11, including but not limited to review of pleadings, drafting responsive pleadings, research related issues and communications with TB attorneys and KB divorce attorneys relating to DSO and determination of marital interests in assets; **9)** Representation at meetings with U.S. Trustee and Court hearings; and, **10)** General case administration matters.

B. **Automatic Stay Motions -** This service category involved 45.80 hours of services related to defending against Terri Biesboer's multiple Motion(s) to Modify the Automatic Stay and Bank of America's Motion to Modify the Automatic Stay and Old Second Bank's Motion to Modify the Automatic Stay as it related to the Debtor's former marital residence that included: **1)** Reviewing Motions and drafting responsive pleadings; **2)** Research issues related to Motions; **3)** Teleconferences and correspondence with creditors' attorneys regarding the Motions and negotiating agreements with same; **4)** Review appraisals and begin preparations for automatic stay hearing on Old Second Bank's Motion to Modify;  and, **5)** Representation of Debtor at Court hearings.

C. **General Claim Matters** - This service category involved 21.20 hours of services relating to claims and included **1)** Drafting Motion to Set Claims Bar Date, notices, certificate of service and service list; **2)** Reviewing Claims Register and proofs of claims; **3)** Communications with creditors' attorneys regarding claims; **4)** Prepare claim summary; **5)** Review Terri Biesboer's claims, Motion to File Amended Proof of Claim, and Draft response and research issues related to Motion; **6)** Draft Objection to Terri Biesboer's Amended Proof of Claim, and, **7)** Representation at Court hearings related to claim matters.

D. **Plan and Disclosure Statement** - This service category involved 37.80 hours of services related to claims against the Debtor that included: **1)** Drafting Chapter 11 Plan, Disclosure Statement, Liquidation Analysis and Cash Flow Projections; **2)** Drafting Motion to Extend Exclusivity and Time to File Plan; **3)** Representation at Court hearings on status of Plan and Disclosure Statement.

4

E. **Removal of Derivative Action** - This service category involved 34.50 hours of services related to removal of the Derivative Action counts pending in the divorce court to the United States Bankruptcy Court that included, but are not limited to: **1)** Teleconferences and meeting with creditor attorneys regarding removal of divorce court derivative action; **2)** Teleconferences with Debtor's divorce attorneys regarding divorce proceedings, Terri Biesboer's 3rd Amended Complaint and derivative counts, record of proceedings and removal to BK Court; **3)** Draft Notice of Removal, Response to Terri Biesboer's Motion to Abstain and Remand, Motion to Substitute Plaintiff and Motion to Dismiss Adversary Proceeding; **4)** Research removal, BR 9027, derivative action, core matters, standard for remand and abstention and substitution of parties; and, **5)** Review Terri Biesboer's Motion to Abstain and Remand; and, **6)** Representation at Court hearings.

F. **Sale of Assets** - This service category involved 245.10 hours of services related to the Debtor's sale of assets that includes to: **1)** Reviewing Brites Entities books, records, documents, Stock Restriction Agreements, divorce proceedings, 3rd Amended Complaint, valuation reports; **2)** Teleconferences, communications and meetings with US Trustee, Fox Parties' attorneys and Terri Biesboer's attorneys regarding Debtor's proposed sale of assets, appointment of examiner and all related matters; **3)** Negotiating sale of assets; **4)** Drafting Motion for Authorization of Sale Procedures, Stock Purchase Agreement, Sample Purchase Agreement, Orders, Notices, advertisements, confidentiality agreement, subpoenas, Motion to Approve Sale, Responses; Witness and Exhibit List; **5)** Reviewing Terri Biesboer's Objection to Sale, Motion to Appoint Trustee, Motions to Quash, Motion to Dismiss or Convert, Emergency Motion to Moot, Motion to Correct Record, Motion to Reconsider, Statement of Position, Replies, Witness and Exhibit List and Exhibits, Emergency Motion to Bifurcate, Motion for Directed Verdict, Motion for Stay Pending Appeal, Notice of Appeal; **6)** Reviewing Fox Parties Motions, Responses and Replies; **7)** Teleconferences with prospective candidates for examiners; **8)** Research section 363 sale standards, equitable property divisions; standard for appointment of trustee, bid protection; admissibility of Examiner's Report and miscellaneous issues; **9)** Communications with Examiner and Examiner's attorney and reviewing Examiner's Report; **10)** Preparing for evidentiary hearing on sale of assets; teleconferences and meetings with witnesses preparing for hearing on sale of assets; preparing examinations of witnesses and closing arguments; and, **11)** Representation of Debtor at Court hearings.

G. **Turnover of Estate Property** - This service category involved 8.10 hours of services related to the

Debtor's effort to recovery and obtain turnover of estate property that included, but is not limited to: **1)** Teleconferences and communications with Terri Biesboer's attorney requesting turnover of personal property and sale of marital residence, **2)** Draft Adversary Complaint for Sale of Real Property and Turnover of Personal Property; **3)** Review Terri Biesboer's Motion to Dismiss Adversary; and, **4)** Representation of Debtor at Court hearings.

H. **Professionals**: This service category involved 26.50 hours of professional services that included: **1)** Drafting Application to Employ Counsel, Affidavits, First and Second Applications for Interim Compensation and Reimbursement of Costs and Expenses, Notices and Orders; **2)** Reviewing Examiner and Conway MacKenzie's First and Final Application for Compensation and Reimbursement of Expenses and Terri Biesboer's Objections to fee applications; **3)** Reviewing Examiner and Conway MacKenzie's Motion to Compel Payment of Compensation; **4)** Reviewing Terri Biesboer's Objection to First Interim Fee Application, researching applicable legal standards and drafting reply to same; **5)** Teleconferences and communications with UST, Examiner, and Examiner's Counsel regarding resolution of the Motion to Compel, payment of Examiner's Fees and Examiner's Accountants Fees; and, **6)** Representation at Court hearings.

12. All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's Chapter 11; and, as such, all of the services rendered were authorized pursuant to this Court's January 27, 2009 Order Authorizing Employment Of Counsel and benefited the estate. No time has been included for services that are in the nature of clerical work. The Attorneys further stating that there has been no duplication of services. In those instances where more than one attorney participated in any matter, such joint participation was necessary because of the complexity of the problem involved, the critical time constraints that existed and in an effort to utilize associates' time to achieve the blended hourly rate of professional services rendered to date of $293.82.

13. Notwithstanding the objections interposed by Terri Biesboer throughout the case the Debtor persevered and through the professional services rendered by the Attorneys benefited the Estate by the sale of the Debtor's principal asset so that there were net proceeds of sale in excess of $1,080,000.00.

14. The value of the professional services rendered by the Attorneys to the Debtor, as Debtor In

Possession, was $159,883.59, and the Attorneys have received payment of $151,042.20, the compensation allowed in the First and Second Applications, leaving a balance of $8,841.39 for services rendered.

15. Actual and necessary costs in the amount of $4,250.37 were expended by the Attorneys as detailed on the Time Sheets attached to the First and Second Applications and the Time Sheets attached hereto, and the Attorneys have received payment of $4,109.01, the costs and expenses allowed in the First and Second Applications, leaving a balance of $141.36 for costs and expenses. Costs include filing fees, postage, and copying charges at the rate of ten cents (.10) per copy.

**WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, and Christina M. Riepel pray for entry of an Order, pursuant to § 330 of the Bankruptcy Code, A) Allowing Gregory K. Stern, P.C. final compensation in the amount of $159,883.59 for actual and necessary professional services rendered and reimbursement of costs and expenses in the amount of $4,250.37; B) Allowing Gregory K. Stern, P.C. an administrative priority claim in the amount of $164,133.96 pursuant to § 503(b)(1)(A); C) Authorizing and directing the Chapter 7 Trustee to pay the unpaid balance of the administrative priority claim of $8,982.36, as a priority cost of administration, and D) For such other relief as this Court deems just.

By:   /s/ Gregory K. Stern
      Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558